## 38977. ROSS v. THE STATE.

WELTNER, Justice.

Ross, a restaurant owner, was convicted by jury for a violation of the Georgia Employment Security Law, Code Ann. Ch. 54-6, by refusing to produce his payroll records for inspection by the State

Department of Labor. See Code Ann. §§ 54-637 and 54-639. He was sentenced to 12 months in the penitentiary and fined $1,000. See Code Ann. § 54-9917.

Having claimed his privilege against self-incrimination, Ross was granted immunity from state prosecution under Code Ann. § 54-640 (Ga. L. 1937, pp. 806, 831) of the Employment Security Law, which provides: "No person shall be excused from . . . producing . . . records before the commissioner . . . on the ground that the testimony or evidence, documentary or otherwise, required of him may tend to incriminate him or subject him to a penalty or forfeiture; but no individual shall be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter, or thing concerning which he is compelled, after having claimed his privilege against self-incrimination, to testify or produce evidence, documentary or otherwise. . . ."

Ross refused to produce his records on the ground that such evidence might subject him to *federal* prosecution. The United States Supreme Court rejected this argument in *Murphy v. Waterfront Comm. of N. Y. Harbor,* 378 U.S. 52, 79 (84 SC 1594, 12 LE2d 678) (1964): "[W]e hold the constitutional rule to be that a state witness may not be compelled to give testimony which may be incriminating under federal law unless the compelled testimony and its fruits cannot be used in any manner by federal officials in connection with a criminal prosecution against him. We conclude, moreover, that in order to implement this constitutional rule and accommodate the interests of the State and Federal Governments in investigating and prosecuting crime, the Federal Government must be prohibited from making any such use of compelled testimony and its fruits."

The trial judge properly quashed Ross' motion to produce all correspondence between the Internal Revenue Service and the State Employment Security Agency, as this cannot relate to the question of his guilt or innocence.

Ross' remaining enumerations of error regarding the jury charge and the insufficiency of the evidence are without merit.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 22, 1982 —
REHEARING DENIED DECEMBER 14, 1982.

*Harriss, Hartman, Aaron & Townley, Christopher A. Townley,* for appellant.

*D. L. Lomenick, Jr., District Attorney, M. Ann Patterson,*

*Roland L. Enloe, Jr., Assistant District Attorneys,* for appellee.